Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jacob Pridemore**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Colter Electric, LLC**, an Arizona company; **Colter Van Wagenen,** an Arizona resident; and **Noelle Van Wagenen,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Jacob Pridemore ("**Plaintiff**"), for his Verified Complaint against Defendants Colter Electric, LLC ("**Colter Electric**"); Colter Van Wagenen; and Noelle Van Wagenen (**"Defendants"**), hereby alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage

Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Jacob Pridemore resided in the District of Arizona.

9. Plaintiff Jacob Pridemore was a full-time employee of Defendants from on or around May 19, 2022, until on or around September 16, 2022.

10. At all relevant times, Plaintiff Jacob Pridemore was an employee of

Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Jacob Pridemore was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Jacob Pridemore was an employee of Defendant Colter Electric as defined by A.R.S. § 23-350(2).

13. Defendant Colter Electric is a company authorized to do business in Arizona.

14. Defendant Colter Electric was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Colter Electric was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Colter Electric was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Colter Van Wagenen is an Arizona resident.

18. Defendant Colter Van Wagenen has directly caused events to take place giving rise to this action.

19. Defendant Colter Van Wagenen is a manager of Colter Electric.

20. Defendant Colter Van Wagenen is a member of Colter Electric.

21. Defendant Colter Van Wagenen is an owner of Colter Electric.

22. Defendant Colter Van Wagenen is an employer for Colter Electric.

23. Defendant Colter Van Wagenen has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

24. Defendant Colter Van Wagenen has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

25. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Colter Van Wagenen is an employer.

26. Defendant Colter Van Wagenen had the authority to hire and fire employees.

27. Defendant Colter Van Wagenen interviewed and hired Plaintiff on or around May 19, 2022.

28. Defendant Colter Van Wagenen supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

29. Defendant Colter Van Wagenen would have morning meetings or send Plaintiff text messages with jobs to complete.

30. Defendant Colter Van Wagenen determined the rate and method of Plaintiff's payment of wages.

31. Plaintiff Jacob Pridemore texted Defendant Colter Van Wagenen on September 23, 2022, to inquire about his final check and Defendant Colter Van Wagenen responded, "We are currently investigating the validity of the wages that are claimed. I will send you our response next week. We will have confirmation from the General contractors as well."

32. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Colter Van Wagenen is subject to individual and personal liability under the FLSA.

33. Defendant Noelle Van Wagenen is an Arizona resident.

34. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Noelle Van Wagenen and Defendant Colter Van Wagenen were legally married.

35. Defendant Noelle Van Wagenen and Defendant Colter Van Wagenen have caused events to take place giving rise to this action as to which their marital community is fully liable.

36. Under the principle of marital community property, actions by one individual are imputed on the marital community property.

37. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

38. Defendants, and each of them, are sued in both their individual and corporate capacities.

39. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

40. Plaintiff has a good faith reasonable belief that in his work for Colter Electric, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

41. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

42. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

43. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

44. Plaintiff would communicate with Defendants via text message.

45. Plaintiff is a covered employee under individual coverage.

46. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

47. The entity Defendant is an electrical company.

48. On or around May 19, 2022, Plaintiff Jacob Pridemore commenced employment with Defendants as a superintendent.

49. Plaintiff's primary job duties included manual labor, electrical work, and material delivery.

50. From on or around May 19, 2022, to on or around September 16, 2022, Plaintiff Jacob Pridemore was paid at a rate of $35 an hour.

51. Plaintiff was a non-exempt employee.

52. Plaintiff has not been paid his final paycheck.

53. Plaintiff is owed approximately 40 hours of work.

54. Plaintiff is owed approximately $1,400 in back wages.

55. Plaintiff is also owed $200 in gas expenses that Defendants would pay him as an additional $200 in wages.

56. Defendants failed to properly compensate Plaintiff for his hours worked.

57. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

58. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

59. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

60. Defendants failed to post and keep posted in a conspicuous place the required

poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

61. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

62. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

63. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

64. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

65. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

66. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

67. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

68. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

69. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

70. Defendants knew their failure to pay minimum wage was a violation of the

FLSA.

71. Defendants have not made a good faith effort to comply with the FLSA.

72. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

73. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

74. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

75. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

76. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

77. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
### (ONLY AGAINST DEFENDANT COLTER ELECTRIC)

78. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

79. At all relevant times, Plaintiff was employed by Defendant Colter Electric within the meaning of the Arizona Wage Statute.

80. Defendant Colter Electric was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

81. Defendant Colter Electric was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

82. Defendant Colter Electric failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

83. Defendant Colter Electric has willfully failed and refused to timely pay wages due to Plaintiff.

84. As a result of Defendant Colter Electric's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

　i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　v. willfully violated the Arizona Wage Statute by failing to timely pay all

wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 28, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Jacob Pridemore declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Jacob S. PRIDEMORE*
_____
Jacob Pridemore

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com